**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| EVERETTE COOPER, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 1:06-cv-1465-SEB-JMS |
| | ) | |
| STANLEY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

"We should not be too ready to exercise oversight and put aside the judgment of prison administrators; it may be that a constitutional challenge to a disciplinary hearing such as [this] will rarely, if ever be successful." *Ponte v. Real,* 471 U.S. 491, 499 (1985) (citation omitted). The challenge of petitioner Everette Cooper ("Cooper") to a disciplinary proceeding identified as No. ISR 06-04-0234, does not present one of the rare challenges to which *Ponte* refers. Accordingly, his petition for a writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:

1. Cooper was charged with violating prison rules at the Pendleton Correctional Facility through his use of an unauthorized substance. After being supplied with a copy of the written charge and notified of his procedural rights, Cooper was found guilty at a hearing and was sanctioned. Contending that the proceeding was constitutionally infirm, Cooper now seeks a writ of habeas corpus.

2. A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

      3.      "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Cooper was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

      4.      Using the protections recognized in *Hill* and *Wolff* as an analytical template, Cooper received all the process to which he was entitled.

      a.      The charge was clear and adequate notice was given. In addition, (1) Cooper was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board and reviewing authority issued a sufficient statement of its findings, and (3) the conduct board and the reviewing authority issued a written reason for its decisions and for the sanctions which were imposed.

      b.      With respect to the sufficiency of the evidence, the evidence favorable to the conduct board's decision, *see Willard v. Pearson,* 823 F.2d 1141, 1150 (7th Cir. 1987) (a federal habeas corpus court must presume that the jury resolved all reasonable inferences in the State's favor), is the following: During the morning of April 6, 2006, Cooper gave a urine sample which subsequently tested positive for the presence of cannabinoids and Carboxy THC, the active ingredients of marijuana. These circumstances constitute at least "some evidence," and hence constitutionally sufficient evidence, that Cooper violated prison rules in the manner specified in the charge against him. *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"). Cooper's challenge to the chain of custody is specious, but in any event is a challenge to the weight of the evidence and hence is a matter to be addressed by the conduct board rather than to a court exercising habeas review. *Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' on support of its conclusion") (quoting *Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)); see also *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

      5.    "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Cooper to relief. His claims that he was denied the protections afforded by *Hill* and *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus must be **denied** and this action dismissed. Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date: 04/03/2007

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana